UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION OF SAUL MACIAS-MUNOZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>ADA RIOS-MARTINEZ,<br><br>　　　　　　　　　Respondent. | NO. C05-644P<br><br>ORDER DENYING PETITIONER'S REQUEST FOR A PROVISION ORDER UNDER 28 U.S.C. § 11604 |

　　　This matter comes before the Court on Petitioner's petition for the return of children to the state of habitual residence of Mexico. The petition is brought under the Hague Convention, which has been implemented in the United States by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610. Petitioner has requested that this Court enter a provisional order pursuant to § 11604 prohibiting Respondent from removing the two children, Guadalupe and

ORDER - 1

Miriam Macias-Rios, from this Court's jurisdiction and staying any divorce or other proceedings pending in state court.

Under § 11604(a), this court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." Section 11604(b) limits that authority: this Court may not "order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."

Courts applying § 11604 have relied on the standard for issuing a temporary restraining order. See Morgan v. Morgan, 289 F. Supp. 2d 1067, 1069 (N.D. Iowa 2003); In re Application of McCullough, 4 F. Supp. 2d 411, 415 (W.D. Penn. 1998). A temporary restraining order is appropriate when the court determines that: 1) the moving party will likely suffer irreparable injury if relief is denied; 2) the moving party will likely prevail on the merits at trial; 3) the balance of potential harm favors the moving party; and 4) in certain cases, the public interest favors granting injunctive relief. Textile Unlimited, Inc. v. A BMHAND Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).

Here, Petitioner has not alleged any facts suggesting that Respondent is likely to flee this jurisdiction with the children. The allegation that she wrongfully removed the children from Mexico and brought them to Seattle, Washington does not show that there is a risk of her fleeing this jurisdiction. The fact that Respondent has obtained a protective order in state court in Washington suggests, if anything, that she is not a flight risk. As to Petitioner's request that this Court stay all divorce or other related proceedings in state court, the only proceeding of which this Court is aware is one that is already complete. Namely, on April 11, 2005, a King Country Superior Court issued a protective order barring Petitioner from contacting Respondent or the children. Even if this request were not moot, Petitioner has not provided the Court with sufficient information regarding the details of the state court proceeding. For these reasons, the Court denies without prejudice Petitioner's request for a provisional order under § 11604. Petitioner may renew this request if he can

ORDER - 2

1  //

2  //

3  demonstrate that there is a likelihood that Respondent will flee this jurisdiction with the children.

4      The Clerk is directed to send copies of this order to all counsel of record and to Respondent at

5  P.O. Box 18374, Seattle, WA  98118.

6      Date:  April 20, 2005

                                            /s/ Marsha J. Pechman
                                            Marsha J. Pechman
                                            United States District Judge

26  ORDER - 3

//